In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-097 CR


____________________



ERIC GERARD, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 99101






MEMORANDUM OPINION


 Pursuant to a plea bargain agreement, appellant Eric Gerard pled guilty to burglary of
a habitation. The trial court found the evidence sufficient to find Gerard guilty, but deferred
further proceedings, placed Gerard on community supervision for five years, and assessed
a fine of $1,000. On January 18, 2008, the State filed a motion to revoke Gerard's
unadjudicated community supervision. Gerard pled "true" to four violations of the
conditions of his community supervision. The trial court found that Gerard violated the
conditions of his community supervision, found Gerard guilty of burglary of a habitation, and
assessed punishment at fifteen years of confinement. 

 Gerard's appellate counsel filed a brief that presents counsel's professional evaluation
of the record and concludes the appeal is frivolous. See Anders v. California, 386 U.S. 738,
87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978). On June 5, 2008, we granted an extension of time for appellant to file a pro se brief. 
We received no response from appellant. We reviewed the appellate record, and we agree
with counsel's conclusion that no arguable issues support an appeal. Therefore, we find it
unnecessary to order appointment of new counsel to re-brief the appeal. Compare Stafford
v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment. (1)

 AFFIRMED.


 __________________________________

 CHARLES KREGER

 Justice

Submitted on September 24, 2008

Opinion Delivered October 1, 2008

Do not publish


Before Gaultney, Kreger, and Horton, JJ.
1. Appellant may challenge our decision in this case by filing a petition for
discretionary review. See Tex. R. App. P. 68.